## The People of the State of Illinois ex rel. Emeleco Norbants, Appellee, v. Andrew Lucas, Appellant.

### (Not to be reported in full.)

Appeal from the County Court of Macoupin county; the Hon. TRUMAN A. SNELL, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed December 11, 1914.

### Statement of the Case.

Prosecution for bastardy. Upon judgment finding defendant to be the father of the child. Defendant appeals.

EDWARD C. KNOTTS and PEEBLES & PEEBLES, for appellant.

JAMES H. MURPHY and VICTOR H. HEMPHILL, for appellee; RINAKER & RINAKER, of counsel.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. BASTARDS, § 62*—*when verdict not disturbed.* A verdict and judgment in a prosecution for bastardy will not be disturbed as not being sustained by the weight of evidence where the evidence is conflicting, with no manifest preponderance either way, and has been approved by the trial court.

2. BASTARDS, § 22*—*when relatrix not impeached.* The court upon appeal will not consider that the relatrix in a prosecution for bastardy, a young girl of foreign extraction, who was unable to speak English and who testified only through an interpreter, was impeached by her own testimony given on cross-examination where the jury saw her on the witness stand, believed her story, and the verdict was approved by the trial court.

3. WITNESSES, § 213*—*when excluding question previously answered not improper.* It is not error in a prosecution for bastardy

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to sustain an objection to a question as to whether the prosecutrix had ever had improper relations with any other man between specified dates than she had told about, where the objection was that the question had already been answered and a reference to the record showed that it had been answered in substance in various forms several times.

4. BASTARDS, § 34*—*when instruction harmless.* The introduction to an instruction given for relatrix in a prosecution for bastardy, that it was a civil proceeding to provide for the support and maintenance of the bastard child of the prosecuting witness, while faulty, or not giving the jury any information concerning any issue submitted to it, is harmless error where it is followed by a concrete statement of the law applicable to the case.